UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER OWENS, #0290606,<br>Plaintiff,<br>v.<br>FOGARTY, Deputy Sheriff Captain, et al.,<br>Defendant(s). | Case No. 23-cv-03812-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF Nos. 6 & 8) |

Plaintiff, a pretrial detainee at the San Mateo County Jail (SMCJ) in Redwood City, California, has filed a pro se complaint under 42 U.S.C. § 1983 alleging that on July 7, 2023, while in custody at SMCJ, he saw two deputy sheriffs – Martinez and Cardenas – engaging in inappropriate conduct, namely one deputy "brushing" her elbow against the other's "breast." ECF No. 1 (Compl.) at 6. When the deputies noticed that plaintiff had seen them, they told him to "move down" and Martinez called him a "stupid . . . nigger." Id. Plaintiff "wrote the deputy up" but Deputy Sheriff Captain Fogarty did not investigate or process the grievance. Id.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

The state may detain a pretrial detainee "to ensure his presence at trial and may subject him to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37 (1979). Although regrettable, plaintiff's allegations that he saw two deputy sheriffs engaging in inappropriate touching of one another that they did not intend him to see do not amount to punishment of plaintiff or otherwise state a claim under § 1983 for violation of plaintiff's federal constitutional rights. Plaintiff merely seeing inappropriate touching between two deputy sheriffs that the deputies did not intend plaintiff to see did not involve conduct by the deputies "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Vazquez v. County of Kern, 949 F.3d 1153, 1162 (9th Cir. 2020) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 848 n.8 (1998)).[1]

Plaintiff's allegation that Martinez called him a "stupid nigger" and that Captain Fogarty failed to investigate and process plaintiff's grievance do not state a claim under § 1983 either. It is well established that verbal harassment, even if racially motivated, fails to state a claim under § 1983. See Hoptowit v. Ray, 682 F.2d 1237, 1252 (9th Cir. 1982); see also Burton v. Livingston, 791 F.2d 97, 101 n.1 (8th Cir. 1986) (use of racial slurs in prison does not offend Constitution). And it is also well established that prisoners have no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (prisoner's claimed loss of liberty interest in processing of his grievances/appeals does not violate due process

---

[1] Cf. Vasquez, 949 at 163-64 (finding that adult male officer's referring to female juvenile ward as "babe," touching of her face and shoulders, talking about her appearance in her shower gown, telling her that he had seen her in the shower and that she should leave her boyfriend for him, describing a sexual dream he had about her that he wanted to come true, and telling her to stand between his opened knees, if true, was sufficiently egregious to violate 14th Amendment).

because prisoners lack a separate constitutional entitlement to a prison grievance/appeal system). Prisoners' constitutional right of access is limited to a right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The clerk is instructed to close the file and terminate plaintiff's remaining miscellaneous motions – ECF No. 6 (motion to move forward with case) and ECF No. 8 (motion to relieve deputy sheriff) – as moot.[2]

**IT IS SO ORDERED**.

Dated: October 30, 2023

CHARLES R. BREYER
United States District Judge

---

[2] In a recent letter to the court, plaintiff suggests that Martinez has taken adverse actions against him in retaliation for his having filed this suit. Plaintiff may bring a new § 1983 action for unlawful retaliation against Martinez if he can show that Martinez (1) took some adverse action against him (2) because of (3) plaintiff's filing this suit, and that such action (4) chilled plaintiff's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).